In the Matter of LOUIS REGINA, Petitioner, v WHITE PLAINS HOUSING AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated June 25, 1976 and made after a hearing, which suspended petitioner from his position as a maintenance mechanic for a period of 30 days, with a consequent loss of salary for that period. Petition granted, determination annulled, on the law, without costs or disbursements, charges dismissed, and respondent is directed to reinstate petitioner, with back pay and any other emoluments to which he may be entitled, less the amount of any compensation earned in any other employment or occupation and any unemployment benefits he may have received during the period of his suspension. On April 14, 1976 petitioner was instructed by his superior to enter a vacant apartment in respondent's housing project so as to permit the painters to enter and paint; also, he was instructed to change the locks on the outer door. He did so and, in addition, he removed a wall telephone from the bedroom wall, explaining at the hearing that he did this with the intention that the painters would not thereby be required to come back and repaint that wall should the new tenant desire that the telephone be placed in another position. He then took the telephone down to a basement storage room, to which he had a key, and left it there. He said he also removed the old telephone wires from the wall and left them in front of an incinerator. The charges brought against petitioner were that he removed a telephone and telephone wires from an apartment and appropriated them to his own use, and that he did not have the telephone company's permission to remove its property from the apartment. The evidence adduced at the hearing failed woefully to support those charges, in the face of petitioner's reasonable and logical explanation. Thus, respondent's determination is not supported by substantial evidence (see CPLR 7803, subd 4), and must be annulled. Were we not annulling the determination, we would reduce the penalty exacted by respondent as being harsh and excessive for what, at most, was a judgmental error by an employee with an unblemished record. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.